IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES WALKER and ROGER McNIEL, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | CIVIL ACTION NO.: _____ |
| ASSEMBLERS, INC. and MICHAEL GIACCONE, | § § § § | JURY DEMANDED |
| *Defendants*. | | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

JAMES WALKER and ROGER McNIEL, ("Plaintiffs"), file this lawsuit as a collective action against ASSEMBLERS, INC. and MICHAEL GIACCONE ("Defendants") to recover unpaid wages, liquidated damages, and attorney's fees, and for cause of action would respectfully show the following:

### I.    NATURE OF CLAIMS

1. This is a collective action filed under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*. ("FLSA") to correct unlawful employment practices. Specifically, Plaintiffs bring this action on behalf of themselves and all similarly situated employees against Defendants for utilizing a payment scheme which resulted in Defendants' systematic failure to pay minimum wages of $7.25 per hour and/or overtime pay of one and one half times the employees' regular rates of pay.

## II. JURISDICTION AND VENUE

2. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because it is the district in which Defendants reside.

## III. THE PARTIES

4. Plaintiff JAMES WALKER is an individual who resides in Houston, Harris County, Texas. Plaintiff ROGER McNIEL is an individual who resides in Spring, Harris County, Texas. Plaintiffs are former employees of Defendants. Plaintiffs' Notices of Consent to join this action are attached hereto as Exhibits A and B.

5. Plaintiffs bring their federal minimum wage and overtime claims on behalf of themselves and all other persons similarly situated to them who file with this Court their Notices of Consent to join this action.

6. Defendant ASSEMBLERS, INC. is a Tennessee based corporation with offices in Round Rock, Texas and may be served with process through its registered agent, Mayfield Document Services, LLC., 10943 Mayfield Road, Houston, TX 77043.

7. Defendant MICHAEL GIACCONE is an individual residing in Chattanooga, Tennessee and may be served with process at his principal place of business 7155 Lee Highway, Chattanooga, TN 37421.

## IV. FACTS

8. At all times relevant to this lawsuit, Defendant ASSEMBLERS, INC. was and remains, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203, and is subject to the FLSA.

9. Defendant ASSEMBLERS, INC. provides merchandise assembly, product installation, delivery and exercise equipment repair services throughout the United States including in the Houston metropolitan area.

10. Defendant ASSEMBLERS, INC.'s annual revenues exceeded $500,000 in each of the last five years.

11. Defendants employed Plaintiffs at all relevant times within the meaning of the FLSA. 29 U.S.C. § 203(g).

12. Defendant MICHAEL GIACCONE is an employer within the meaning of the FLSA, 29 U.S.C. § 203(d) in that he exercised managerial responsibilities and substantial control of the terms and conditions of Plaintiffs' and similarly situated individuals' employment.

13. Defendant MICHAEL GIACCONE is an owner and/or officer of Defendant ASSEMBLERS, INC., and controls its day-to-day operations. Specifically, Defendant MICHAEL GIACCONE is responsible for overseeing ASSEMBLERS, INC.'s operations. He processes payments for the services the company renders by and through its employees, bills clients for services rendered, seeks new business, manages employee relations, maintains accounting records, purchases and maintains equipment necessary to provide services, manages employment records, and sets the pay terms and working conditions of employees.

14. In performing their duties for Defendants, Plaintiffs were engaged in commerce and handled goods that moved through interstate commerce.

15. Plaintiffs were employed in an enterprise engaged in commerce.

16. Plaintiffs were responsible for, among other things, picking up, delivering and assembling merchandise as part of Defendant ASSEMBLERS, INC.'s operations in the Houston metropolitan area.

17. Plaintiffs were to be paid a percentage of the amount that ASSEMBLERS, INC., received from clients and customers per job.

18. Although Plaintiffs were required to "clock-in" and "clock-out," their working hours were not accurately recorded by Defendants.

19. Plaintiffs were required by Defendants to "clock in" late, after they had already been working, and "clock out" early, before they finished their work at the end of each work day.

20. Plaintiffs were required to perform "off the clock" work such as calling customers to coordinate deliveries.

21. Plaintiffs regularly worked more than forty (40) hours each work week.

22. As a result of Defendants' payment scheme, Plaintiffs did not receive the minimum wage of $7.25 per hour for their work or overtime of one and one half times their regular rates of pay when they worked more than forty (40) hours in a workweek.

23. Upon information and belief, other similarly situated employees also customarily and regularly worked many hours in excess of forty (40) hours per week and were paid in a fashion similar to Plaintiffs.

24. The work performed by Plaintiffs and other similarly situated employees was with Defendants' knowledge. Defendants set Plaintiffs' and similarly situated employees' schedules, assigned work, and supervised the work.

25. Plaintiffs and similarly situated employees were entitled to minimum wages of $7.25 per hour for the first forty (40) hours per work each workweek and overtime at one-and-one-half times their regular rates of pay for all hours worked in excess of forty in a workweek. Defendants did not pay Plaintiffs and similarly situated employees the minimum wage and overtime of one and one half times their regular rates of pay for hours worked in excess of forty hours per week.

26. Defendants failed to keep and maintain records of Plaintiffs' working time as required by the FLSA, 29 U.S.C. § 211.

27. Defendants manipulated payroll records to make it appear that Plaintiffs were being paid minimum wage and overtime. Specifically, Defendants did not accurately record and report the number of hours worked by the Plaintiffs or the hourly pay rates of the Plaintiffs on the payroll records.

28. Defendants also manipulated time records by requiring Plaintiffs to clock in late, clock out early or otherwise work off-the-clock.

29. Defendants' manipulation of time and payroll records violates the FLSA's record-keeping requirements, 29 U.S.C. § 211 and demonstrates the Defendants' willful and intentional conduct designed to skirt the requirements of the FLSA.

### V.   FIRST CAUSE OF ACTION: FLSA WAGE VIOLATIONS

30. Plaintiffs reassert and incorporate by reference all of the above numbered paragraphs.

31. Plaintiffs were engaged in nonexempt hourly work, as set forth above.

32. As non-exempt employees, Plaintiffs were legally entitled to be paid the minimum wage of $7.25 per hour.

33. Defendants failed to pay Plaintiffs the minimum wage for all hours that they worked in violation of the FLSA, 29 U.S.C. § 206.

34. Plaintiffs were legally entitled to be paid overtime wages of one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek.

35. Defendants failed to pay Plaintiffs at one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) hours per each seven (7) day workweek in violation of the

FLSA 29 U.S.C. § 207.

36. As a result, Plaintiffs did not receive the compensation they were legally entitled to receive.

37. Defendants' violations of the FLSA were committed knowingly, willfully, and/or with reckless disregard to Plaintiffs' rights.

38. As a result of Defendants' willful violations of the FLSA, Plaintiffs are entitled to reimbursement of unpaid minimum wages, unpaid overtime wages, an additional equal amount as liquidated damages, and reasonable attorneys fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

### VI. SECOND CAUSE OF ACTION: COLLECTIVE ACTION ALLEGATIONS

39. Plaintiffs reassert and incorporate by reference all of the above numbered paragraphs.

40. Upon information and belief, many other similarly situated employees employed by Defendants over the last three (3) years have been subject to the same payment scheme and victimized by Defendants' violations of the FLSA.

41. As set forth above, Plaintiffs are aware of other employees who perform similar work for Defendants.

42. These employees should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216 (b). The class is properly identified as:

> All persons who, at any time during the three (3) years immediately preceding the filing of this lawsuit, worked at any business that was owned, operated, and/or acquired by Defendants, who were not paid minimum wages and overtime at a rate of one and one-half times their regular rate for hours worked in excess of forty (40) per week.

43. Defendants' practice of not paying employees similarly situated to Plaintiffs for all of the hours they worked and one-and-one-half times the regular rate of pay for all hours worked in

excess of forty (40) hours per each seven (7) day workweek is in direct violation of the FLSA.

44. As a result of Defendants' willful violations of the FLSA, the similarly situated employees are entitled to reimbursement of unpaid minimum wages, unpaid overtime wages, an additional equal amount as liquidated damages, and reasonable attorneys fees, costs and disbursements incurred in this action pursuant to 29 U.S.C. § 216(b).

## VII.   JURY DEMAND

45. Plaintiffs demand a jury on all issues to be tried in this matter. Plaintiffs have submitted the jury demand and herein submits the jury fee.

## VIII.   PRAYER

46. For the reasons set forth above, Plaintiffs respectfully pray that the Defendants be cited to appear and answer herein, and for the following relief:

   a. that the Court enter an order allowing this action to proceed as a collective action under the FLSA and directing notice to any and all similarly situated employees;

   b. judgment awarding Plaintiffs and similarly situated employees all unpaid minimum, unpaid overtime wages, lost wages, liquidated damages, attorneys' fees and costs under the FLSA;

   c. an award of pre-judgment and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

   d. all such other and further relief to which Plaintiffs and similarly situated employees may show themselves to be justly entitled.

Respectfully Submitted,



_____
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District Bar No. 713316
5433 Westheimer, Suite 825
Houston Texas 77076
Main: 713.742.0900
Fax: 713.742.0951
alfonso.kennard@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

**OF COUNSEL FOR PLAINTIFFS:**



Lakshmi Ramakrishnan
Texas Bar No.: 24037324
Southern District Bar No.: 33872
5433 Westheimer Road, Suite 825
Houston, Texas 77056
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
lakshmi.ram@kennardlaw.com